IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUIS WILSON | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-4257 |
| | : | |
| UNITED STATES OF AMERICA | : | |

McHUGH, J.                                                                                                    March  20, 2025

## MEMORANDUM

     This is an action brought under the Federal Tort Claims Act arising out of allegedly substandard medical care received by Plaintiff Marquis Wilson while he was confined to the Federal Detention Center in Philadelphia.  The facts of the case are summarized in my memorandum opinion of April 26, 2022, ECF 42, and will not be repeated here except as necessary for purposes of analysis.  The issue in this case is whether there was a negligent delay in referring Mr. Wilson for evaluation when he first presented with symptoms suggesting the possibility of testicular cancer, and if so, whether that delay was causally related to a diminution in sexual function.

     Following remand from the Court of Appeals, the case was relisted on this Court's Prisoner Civil Rights Panel and has remained there for a period of one year.  *See* ECF 49 and ECF 60.  I also stayed this action for a period of 90 days to permit Mr. Wilson the opportunity to retain private counsel, and when that stay expired, I allowed an additional four months for discovery.  During that time, Mr. Wilson has unfortunately been unable to secure counsel.  The Government has moved for summary judgment in accordance with the revised case management order, and that motion has been pending without a response from Plaintiff since November 14, 2024.  ECF 58.  On February 20, 2025, the Clerk gave notice to Mr. Wilson that no lawyer had accepted his case,

a notice that required a response within 20 days, and which warned of the possibility of dismissal. ECF 60. Mr. Wilson has not responded to the motion or to the notice. At this juncture, I feel obligated to rule on the pending motion.

As set forth in my earlier memorandum, Pennsylvania law controls this action. In Pennsylvania, to state a prima facie cause of action for medical malpractice, a plaintiff must demonstrate "a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered and the damages suffered were a direct result of the harm." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997). "With all but the most self-evident medical malpractice actions there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation." *Quinby v. Plumsteadville Fam. Prac., Inc.*, 907 A.2d 1061, 1070-71 (Pa. 2006).

Under Pennsylvania law, a claim for malpractice can be sustained under general principles of negligence. *See Incollingo v. Ewing*, 282 A.2d 206 (Pa. 1971), *abrogated on other grounds* by *Kaczkowski v. Bolubasz*, 421 A.2d 1027 (Pa. 1980). On the facts here, I remain persuaded that Mr. Wilson could conceivably meet his burden on breach of duty by application of the doctrine of *res ipsa loquitur*. *Quinby*, 907 A.2d at 1071. That is so because it takes no medical expertise to understand that where cancer is among the possible diagnoses, prompt attention is required, and here there was a delay of approximately three months from when he first presented to when he was seen by the appropriate specialist.

But Plaintiff still needs to prove that any breach of duty is causally related to the injury he claims, and where the issue of causation is complex, expert testimony is required. *See, e.g., Bearfield v. Hauch,* 595 A.2d 1320, 1322 (Pa. Super. Ct. 1991) (holding that, in the absence of a medical expert, the jury had no way to determine whether nerve damage during surgery was the

result of negligence, or an unavoidable consequence of the surgery); *Gallegor by Gallegor v. Felder,* 478 A.2d 34, 37 (Pa. Super. Ct. 1984) (denying liability for nerve injury suffered during ear surgery due to complexity of the surgery and lack of expert testimony to link nerve damage to improper technique); *Mertig v. Booth*, No. 11-1462, 2012 WL 1431238, at *7 (E.D. Pa. Apr. 25, 2012) (Savage, J.) (*res ipsa loquitor* inappropriate where alternate causes of infection following surgery could not be eliminated without expert testimony).

As discussed in my earlier opinion, this is not a case where a surgeon left a foreign object in a patient's body or operated on the wrong limb. It involves a delay in diagnosis of cancer, a disease that can ravage a patient even if the care rendered is first-rate. Plaintiff concedes that removal of his testicle was required even with proper care but argues that the delay allowed his cancer to spread and advance to the second stage, requiring increased chemotherapy and a more invasive abdominal surgery to remove additional cancerous lymph nodes, thereby permanently destroying his ejaculatory function. The delay at issue was not prolonged – approximately three months. The degree to which the cancer would have spread within that limited window, and the extent of the required surgery, represent complex, nuanced issues. These include the nature and stage of Plaintiff's cancer, its rate of growth, the necessary scope of surgical treatment, and side effects that might have resulted even in the absence of any delay. As to testicular cancer specifically, it is known to spread through lymph nodes in the retroperitoneum, and surgery to explore possible spread can cause erectile disfunction.[1] To rely on *res ipsa loquitor,* the evidence must show that "other responsible causes" for Plaintiff's injury are "sufficiently eliminated," Second Restatement § 328D. In a case premised upon delay in diagnosis of cancer, the extent of

---

[1] Retroperitoneal Lymph Node Dissection (RPLND), Testicular Cancer Awareness Foundation, )https://www.testicularcancerawarenessfoundation.org/rplnd-surgery

3

injury a patient would have suffered beyond what was required for treatment is impossible to determine without expert testimony.

I am therefore obligated to grant the Government's pending motion for summary judgment.


                                                   /s/ Gerald Austin McHugh
                                                 United States District Judge